ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| TATIANA ISABEL QUIÑONES ANDINO<br><br>Parte Peticionaria<br><br>v.<br><br>JORGE ÁNGEL ROSARIO REYNOSO<br><br>Parte Recurrida | KLCE202301400 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Civil Núm.: CA2023RF00786<br><br>Sobre:<br>Privación de Patria Potestad y Custodia |
|---|---|---|

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Rodríguez Flores, Juez Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de diciembre de 2023.

Comparece la Sra. Tatiana Isabel Quiñones Andino (Sra. Quiñones Andino o parte peticionaria) y solicita que revisemos la orden emitida el 23 de noviembre de 2023, notificada el 28 de noviembre de 2023, por el Tribunal de Primera Instancia, Sala de Carolina. Mediante el referido dictamen, el foro de instancia denegó la solicitud para emplazar por edicto al Sr. Jorge Ángel Rosario Reynoso (Sr. Rosario Reynoso o parte recurrida), quien se encuentra confinado en el estado de Pennsylvania, y le requirió a la parte peticionaria realizar gestiones mediante emplazador privado y acreditar las mismas.

Examinado el recurso, así como los documentos que conforman el apéndice, prescindimos de la comparecencia de la parte recurrida[1], ejercemos nuestra función revisora, expedimos el auto y revocamos el dictamen recurrido.

---

[1] Ello, conforme a la Regla 7(B)(5) del Reglamento de este Tribunal de Apelaciones, que nos permite prescindir de términos no jurisdiccionales, escritos,

Número Identificador
SEN2023_____

I.

El 13 de noviembre de 2023, la Sra. Quiñones Andino presentó demanda sobre privación de patria potestad y custodia contra el Sr. Rosario Reynoso. En síntesis, la Sra. Quiñones Andino expuso que la partes eran padres de la menor N.E.R.Q., nacida el 14 de julio de 2010. Desde su nacimiento, la menor ha estado bajo la custodia y patria potestad de su madre, la Sra. Quiñones Andino. La peticionaria en su demanda y bajo juramento, adujo que el Sr. Rosario Reynoso se encuentra confinado en Curran-Fromhold Correctional Facility, 7901 State Rd, Philadelphia, Pennsylvania 19136.

La Sra. Quiñones Andino expuso que el Sr. Rosario Reynoso no se relaciona con la menor ni procura su bienestar, que existe una orden de protección a favor de la Sra. Quiñones Andino en contra del Sr. Rosario Reynoso ante las continuas amenazas que esta recibe de parte del recurrido, aun estando este confinado[2]. Por ello, solicitó al TPI se le adjudicara la custodia y patria potestad de la menor.

En igual fecha, la Sra. Quiñones Andino presentó *Moción para Emplazar por Edicto.* Lo anterior, ante la realidad de que el Sr. Rosario Reynoso se encuentra fuera de Puerto Rico. En específico, este se encuentra confinado en Curran-Fromhold Correctional Facility, 7901 State Rd, Philadelphia, PA 19136. Por ello, la Sra. Quiñones Andino solicitó al foro primario una orden para que el emplazamiento del Sr. Rosario Reynoso se realice mediante la publicación de edicto.

---

notificaciones o procedimientos específicos en cualquier caso ante nuestra consideración, con el propósito de lograr su más justo y eficiente despacho. 4 LPRA Ap. XXII-B, R. 7(B)(5).

[2] La Sra. Quiñones presentó como anejos a su demanda tres (3) órdenes de protección expedidas a su favor contra el Sr. Rosario Reynoso, a saber: OPA 2021-011973; OPA 2019-001726 y OPA 2016-049160. Véase, apéndice del recurso, págs. 8-24.

El 15 de noviembre de 2023, notificada el 17 de noviembre de 2023, el foro primario emitió la siguiente *Orden*[3]:

> No ha lugar. C[u]mpla estrictamente con la Regla 4.6 de Procedimiento Civil. Contrate emplazador privado sin interés en el pleito que acredite las gestiones para emplazar a la parte demandada y el tribunal proveerá.

El 22 de noviembre de 2023, la Sra. Quiñones Andino presentó *Moción de Reconsideración*[4], en la que señaló que cumplió a cabalidad con las Reglas de Procedimiento Civil aplicables **cuando la parte demandada se encuentra fuera de Puerto Rico** y se tiene conocimiento de su última dirección, por lo que no es necesaria la acreditación de diligencias previas para localizar al Sr. Rosario Reynoso como condición previa a que se permita el emplazamiento por edicto. La peticionaria añadió que la dirección donde se encuentra el Sr. Rosario Reynoso surge de la orden de protección (OPA-2021-011973) que se presentó junto con la demanda. El foro de instancia denegó la solicitud de reconsideración de la Sr. Quiñones Andino, mediante orden emitida el 22 de noviembre de 2023, notificada el 28 de noviembre de 2023.

Insatisfecha, la Sra. Quiñones Andino acude ante este foro apelativo vía *certiorari* y le imputa al foro primario el siguiente señalamiento de error:

> Señalamiento de error: Erró el Honorable Tribunal de Primera Instancia, Sala de Carolina, al declarar No Ha Lugar la solicitud de emplazar mediante edicto, estando la parte demandada fuera de la jurisdicción de Puerto Rico.

II.

A.

El auto de *certiorari* es el vehículo procesal que permite a un Tribunal de mayor jerarquía revisar las determinaciones interlocutorias realizadas por un foro inferior. La expedición del auto

---

[3] *Id.,* pág. 31.
[4] *Íd.,* págs. 34-39.

descansa en la sana discreción del Tribunal. *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).

En los casos civiles, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita las instancias en las que procede que este Tribunal de Apelaciones expida el recurso de *certiorari. Caribbean Orthopedics v. Medshape et al., supra.*; *Scotiabank v. ZAF Corp.,* 202 DPR 478, 486 (2019). La citada Regla establece que el recurso sólo se expedirá cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, injunctions de la Regla 57, o de la denegatoria de una moción de carácter dispositivo. Por excepción, y en el ejercicio discrecional del foro apelativo, se podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia. Íd.

Ahora bien, aun cuando un asunto esté comprendido dentro de las materias que podemos revisar de conformidad con la Regla 52.1, supra, para poder ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento, se justifica nuestra intervención. Estos criterios son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Íd.

Ello impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado.

En vista de que en el presente caso aplica uno de los criterios que permite nuestra intervención, a saber "si la etapa del procedimiento en el que se presenta el caso es la más propicia para su consideración"[5], ejercemos nuestra discreción y expedimos el auto de *certiorari.*

B.

La Regla 4.6 de Procedimiento Civil establece las instancias en las que la parte demandante necesita justificar mediante declaración jurada las diligencias realizadas para localizar al demandado, a saber: (1) cuando la persona a ser emplazada no pudo ser localizada en Puerto Rico después de realizadas las diligencias pertinentes; (2) cuando la persona demandada se oculta para no ser emplazada; o (3) cuando es una corporación extranjera sin agente residente. 32 LPRA Ap. V., R. 4.6. De estas disposiciones claramente surge que la exigencia en cuestión pretende viabilizar la obtención de una dirección física o postal de la parte demandada a la que se pueda notificar la acción judicial instada en su contra.

---

[5] 4 LPRA XXII-B, R. 40 (E).

La controversia trabada en este caso fue específicamente atendida por el Tribunal Supremo en *Rivera v. Jaume*, 157 DPR 562, (2002), en el que dicho foro estableció que:

> En los casos en que el demandado se encuentre fuera de Puerto Rico y la parte demandante ignora la dirección del demandado fuera de Puerto Rico, se exige prueba de las diligencias específicas para localizar al demandado antes de expedir el emplazamiento por edicto y relevar al demandante del envío por correo de los documentos pertinentes. Por el contrario, cuando el demandado se encuentra fuera de Puerto Rico, y al demandante le consta el lugar específico donde éste se encuentra y así lo informa al tribunal, no se requiere la comprobación de diligencias vigorosas y honesto esfuerzo para citarle personalmente, y es compulsorio el envío por correo certificado con acuse de recibo de la copia de la demanda, la orden para emplazar mediante edictos y el edicto mismo.

> En estas circunstancias, la citada Regla [4.6] de Procedimiento Civil exige que dichos documentos sean enviados al *lugar de la última residencia conocida del demandado.*

> [...]

> ... el criterio adoptado por este Tribunal es a los efectos de que se cumple con el requisito de notificación al lugar de la última residencia conocida del demandado si dicha notificación se envía a una dirección que esté razonablemente calculada, dentro de las circunstancias particulares del caso, para darle aviso a la parte contraria de la reclamación que se ha presentado en su contra.

*Íd.,* págs. 576-577. (Citas omitidas. Cursivas en el original).

Con el marco legal anteriormente expuesto, resolvemos.

III.

La Sra. Quiñones Andino señala que el foro primario incidió al no conceder la solicitud de emplazamiento por edicto y requerirle realizar gestiones a través de un emplazador privado y se acrediten las gestiones realizadas. La parte peticionaria sostiene que debido a que el Sr. Rosario Reynoso está fuera de Puerto Rico y se tiene conocimiento de su última dirección, la Regla 4.6 de las de Procedimiento Civil no requiere la comprobación de las diligencias realizadas para emplazarlo personalmente, como condición previa a

la expedición de una orden para emplazar por edictos. Le asiste la razón a la Sra. Quiñones Aquino, veamos.

Según lo expuesto, en el caso que nos ocupa, el demandado, Sr. Rosario Reynoso, se encuentra fuera de Puerto Rico, y a la Sra. Quiñones Andino le constaba el lugar específico donde este se encontraba y así lo informó al tribunal en su demanda. En adición, la Sra. Quiñones Andino presentó junto con la demanda copia de documentos judiciales que corroboraban la dirección del Sr. Rosario Reynoso, a saber, copia de las órdenes de protección expedidas a su favor en contra del Sr. Rosario Reynoso.

Por tanto, no se requería la comprobación de diligencias vigorosas y esfuerzos para citarle personalmente. Solamente será compulsorio el envío por correo certificado con acuse de recibo de la copia de la demanda, la orden para emplazar mediante edictos y el edicto mismo al lugar de la última residencia conocida de las demandadas. En vista de lo anterior, concluimos que el foro primario incidió al denegar la solicitud de emplazamiento por edicto.

IV.

A la luz de lo antes expuesto, se expide el auto de *certiorari* y se revoca la orden emitida por el Tribunal de Primera Instancia. En su consecuencia, se ordena al foro primario la expedición de orden para emplazamiento por edictos.

**Notifíquese inmediatamente.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones